UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **NIZAR SIDI AND KARIM SIDI,** | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:08-cv-1930 (VLB) |
| **JUAN DIAZ et al.,** | : | |
| Defendants. | : | November 30, 2009 |

### MEMORANDUM OF DECISION AND ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS [Doc. ##31, 35, 36] AND REMANDING STATE LAW CLAIMS

The Plaintiffs, Nizar and Karim Sidi, bring this action for damages against the Defendants, Juan Diaz, Juan Diaz LLC, Alejandro Paulino, Wendy Clarke, and Paul Wessel. The Plaintiffs allege claims for violation of their due process rights under the Fifth and Fourteenth Amendments as enforced by 42 U.S.C. § 1983 (First Cause of Action), bid-rigging in violation of Conn. Gen. Stat. § 53a-161a (Second Cause of Action), negligent interference with contract rights (Third Cause of Action), and violation of the Connecticut Unfair Trade Practices Act ("CUTPA") (Conn. Gen. Stat. § 42-110b et. seq.) (Fourth Cause of Action). Currently pending before the Court are three motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) filed by Defendants Juan Diaz and Alejandro Paulino [Doc. #31], Defendant Juan Diaz LLC [Doc. #35], and Defendants Wendy Clarke and Paul Wessel [Doc. #36]. For the reasons that follow, the motions to dismiss are GRANTED in part. The Plaintiff's 42 U.S.C. § 1983 claim is dismissed, and this case is remanded to the Connecticut Superior Court for further proceedings with respect to the Plaintiffs' state law claims.

I. <u>Factual and Procedural Background</u>

The Plaintiffs' Amended Complaint alleges the following facts. The Plaintiffs, Nizar and Karim Sidi, are father and son. Nizar owns a commercial unit which is managed by his son Karim. The unit is part of a condominium association known as the Dixwell Plaza Merchants Association ("DPMA"), located in New Haven, Connecticut.

On or about January 3, 2000, the City of New Haven acquired title to a unit within the Plaintiffs' business condominium association known as 156-168 Dixwell Avenue (the "property") through a tax foreclosure. On or about February 6, 2005, the City of New Haven circulated a "Request for Proposal" requesting bids for the property. Pursuant to the Request for Proposal, bids were due by March 15, 2005 at 11:00 a.m. Karim Sidi created a proposal for the property and included a bid of $150,000.

The Request for Proposal set forth a closed bidding process, which generally means that sealed bids are filed by bidders and opened by the City contemporaneously in an open forum. Two other proposals were received, including a proposal by Juan Diaz LLC, a corporation created by Juan Diaz that is in the business of operating grocery stores. At some point prior to the submission of Juan Diaz LLC's bid, either Diaz or his partner, Alejandro Paulino, was approached by an agent of the City, either Wendy Clarke or Paul Wessel. Clarke was the interim economic development director for the City of New Haven. Wessel was the individual on the committee in charge of carrying out the Request for

Proposal for the City of New Haven.  Clarke or Wessel informed Diaz or Paulino that the City wanted a grocery store at 156-168 Dixwell Avenue, and further indicated to place a bid for $250,000, thereby violating the closed bidding procedures set forth in the Request for Proposal.

The Plaintiffs filed this action in Connecticut Superior Court on October 31, 2008.  The case was removed to this Court on December 22, 2008.  On March 5, 2009, the Plaintiffs filed the subject four-count Amended Complaint against the Defendants.  Defendants Diaz and Paulino moved to dismiss the Amended Complaint on March 27, 2009.  Defendants Clarke and Wessel and Defendant Juan Diaz LLC separately moved to dismiss the Amended Complaint on March 30, 2009.

## II.  Discussion

The United States Supreme Court recently reexamined the standard governing a motion to dismiss for failure to state a claim.  "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  While Rule 8 does not require detailed factual allegations, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal citations omitted).

### A. 42 U.S.C. § 1983 Claim (First Cause of Action)

The Defendants first argue that the Plaintiffs' § 1983 claim should be dismissed because it is barred by the applicable statute of limitations. The United States Supreme Court and the District of Connecticut have held that the statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is calculated according to the personal injury statute of limitations in the state in which the tort is alleged to have occurred. See Vaden v. Connecticut, 557 F. Supp. 279, 283 (D. Conn. 2008) (citing Wilson v. Garcia, 471 U.S. 261, 280 (1985)). In Connecticut, the statute of limitations for tort claims is three years. See Conn. Gen. Stat. § 52-577. The Second Circuit has specifically held that the three year statute of limitations set forth in Conn. Gen. Stat. § 52-577 is applicable to 42 U.S.C. § 1983 claims. See Loundsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994). However, whereas Connecticut law provides the limitations period for federal constitutional claims, federal law determines when a federal claim accrues. Gavlak v. Town of Somers, 267 F. Supp. 2d 214, 226 (D. Conn. 2003). Under federal law, "[a] claim is said to accrue when the plaintiff knows or has reason to know of the harm." Id. In this case, the Court is unable to determine when the Plaintiffs knew or should have known of the alleged bid-rigging based upon the current pleadings.[1] The Amended

---

[1] In their Opposition to the Defendants' Motions to Dismiss, the Plaintiffs state as follows: "It was not until July of 2008, or three or four months later, that the Plaintiffs learned of the bid rigging. This came out in a trial in New Haven

4

Complaint alleges that the bidding for the property at issue was a closed process. Therefore, it does not appear that the Plaintiffs would have had occasion to discover the details of or circumstances surrounding other bids at the time that their alleged injury occurred, and thus the Court will not dismiss the Plaintiffs' § 1983 claim on statute of limitations grounds.

Defendants Clarke and Wessel further argue that the Plaintiffs' § 1983 claim should be dismissed because the Plaintiffs have identified no constitutionally protected property right of which they were deprived without due process of law. "In order to sustain an action for deprivation of property without due process of law, a plaintiff must first identify a property right, second show that the state has deprived him of *that* right, and third show that the deprivation was effected without due process." Local 342, Long Island Pub. Serv. Employees v. Town Bd. of Huntington, 31 F.3d 1191, 1194 (2d Cir. 1994) (internal quotation marks omitted). "To have a property interest in a benefit, a person must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Eastway Const. Corp. v. City of New York, 762 F.2d 243, 250 (2d Cir. 1985) (quoting Board of Regents v.

---

Superior Court in fall of 2008." Pl. Opposition at 3. However, these allegations do not appear in the Amended Complaint, and therefore the Court declines to consider them because they are matters outside the pleadings. See Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988) ("Factual allegations contained in legal briefs or memoranda are also treated as matters outside the pleadings for purposes of Rule 12(b)."). In any event, these facts are immaterial to the Court's ultimate decision on the Plaintiff's § 1983 claim, for the reasons that follow.

Roth, 408 U.S. 564, 577 (1972)). In Eastway, the plaintiff, a construction contractor, was denied the right to participate in city redevelopment contracts and filed suit alleging that this deprivation constituted a violation of 42 U.S.C. § 1983. The Second Circuit upheld the district court's dismissal of the § 1983 claim, holding that the plaintiff's need or desire to participate in public redevelopment projects did not constitute a property right protected by the Fourteenth Amendment. Id. at 249-50; see also A.F.C. Enters. v. New York City School Constr. Auth., No. CV-98-4534-CPS, 1999 WL 1417210, at *9 (E.D.N.Y. June 29, 1999) (holding that low bidder for public works contracts did not have a vested property interest in those contracts where they had been awarded but never became effective). Here, the Plaintiffs' asserted deprivation is far less compelling because they have not even identified a property right of which they were deprived. Instead, they merely allege that they "created a proposal for the property" and "that had the Defendants properly complied with their requirement of a closed bidding procedure, that Plaintiff would have been in a better position to make their bid more competitive." Amended Complaint, ¶¶ 12, 17. The Plaintiffs were never awarded a contract to purchase the property at issue. Therefore, they cannot demonstrate a property right of which they were deprived and thus cannot establish a violation of their procedural due process rights.

In addition to claiming that the Defendants violated their procedural due process rights, the Plaintiffs further assert that the Defendants deprived them of substantive due process. "It is well settled that, where the alleged right . . . cannot

be considered so rooted in the traditions and conscience of our people as to be ranked as fundamental, notions of substantive due process will not apply. Substantive due process protects only those interests that are implicit in the concept of ordered liberty.  Indeed, it is axiomatic that the doctrine of judicial self-restraint requires courts to exercise the utmost care when presented with a request to define or develop rights in this area." Local 342, 31 F.3d at 1196 (internal citations and quotation marks omitted).  In Local 342, the Second Circuit held that "simple, state-law contractual rights, without more, are [not] worthy of substantive due process protection." Id. at 1196.  As noted above, in this case the Plaintiffs did not even have a contract right in the property at issue, and therefore the Defendants' violation of the closed bidding procedures and rejection of the Plaintiffs' bid in no way violated the Plaintiffs' substantive due process rights. Accordingly, the Plaintiffs have not properly pleaded a violation of § 1983, and their First Cause of Action must be dismissed.

### B.  State Law Claims (Second, Third and Fourth Causes of Action)

Having dismissed the sole federal claim remaining in this case, the Court must now consider the appropriateness of exercising supplemental jurisdiction over the Plaintiffs' state law claims.  A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367, which provides, in pertinent part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28. U.S.C. § 1367(a).  However, 28 U.S.C. § 1367(c) identifies various circumstances in which district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a), including where "the district court has dismissed all claims over which it has original jurisdiction[.]"  "In providing that a district court 'may' decline to exercise such jurisdiction, this subsection is permissive rather than mandatory."  Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003).  "The proper scope of the district court's discretion, however, is not boundless."  Id.  Indeed, the Second Circuit has made clear that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims."  Id. (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)); see also Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

     The Valencia Court set forth certain factors that a district court should consider when deciding whether to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed from a case.  See Valencia, 316 F.3d at 305-06.  These factors are:  "(1) whether state law claims implicate the doctrine of preemption; (2) considerations of judicial economy, convenience, fairness, and comity, including the stage of proceedings when the federal claims are dismissed; (3) the existence of novel or unresolved questions of state law; and

(4) whether the state law claims concern the state's interest in the administration of its government or require the balancing of numerous important state government policies." In re Jetblue Airways Corp. Privacy Litig., 379 F. Supp. 2d 299, 311 (E.D.N.Y. 2005) (discussing Valencia).

In this case, the factors discussed by the Second Circuit in Valencia militate against exercising supplemental jurisdiction over the Plaintiffs' state law claims. First, the state law claims do not implicate the doctrine of preemption. Second, this case is at an early stage of proceedings, as discovery has not yet been completed and no dispositive motions have been filed. Third, as discussed further below, there do appear to be unresolved issues of state law relating to the question of whether the statute of limitations for the Plaintiffs' Third and Fourth Causes of Action may be tolled by fraudulent concealment. Fourth, the state law claims implicate the state's interest in the administration of its government because these claims challenge the bidding process for a property owned by the City of New Haven. Accordingly, the Court declines to exercise supplemental jurisdiction over the Plaintiffs' state law claims, and therefore remands this case to the Connecticut Superior Court for further proceedings with respect to the Plaintiffs' Second, Third and Fourth Causes of Action.

On remand, one issue that the Connecticut Superior Court must address is whether the Plaintiffs' CUTPA and negligent interference with contract rights claims are barred by the applicable statutes of limitations. The Court makes the following observations regarding this issue. The Plaintiffs' claim for negligent

9

interference with contract rights is governed by Connecticut's general statute of limitations for tort claims. See Conn. Gen. Stat. § 52-577. This statute provides that "[n]o action founded upon a tort shall be brought but within three years of the date of the act or omission complained of." Id. CUTPA also has a statute of limitations of three years. See Conn. Gen. Stat. § 42-110(g) ("An action under this section may not be brought more than three years after the occurrence of a violation of this chapter."). Under Connecticut law, both the general tort statute of limitations and the CUTPA statute of limitations are occurrence statutes, meaning that the limitations period begins to run from the date of the act or omission complained of, rather than the date the cause of action has accrued or the injury has occurred. See Fichera v. Mine Hill Corp., 541 A.2d 472, 475-76 (Conn. 1988).

In response to the Defendants' argument that these claims are time-barred, the Plaintiffs assert, *inter alia*, that they did not learn of the alleged bid-rigging until July 2008 as a result of the Defendants' fraud. Conn. Gen. Stat. § 52-595 provides for tolling of the statute of limitations in the event of fraudulent concealment by the Defendants.[2] "[T]o prove fraudulent concealment, the plaintiffs [are] required to show: (1) a defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish the plaintiffs' cause of action; (2) that defendant's intentional concealment of these facts from the plaintiffs; and (3) that defendant's

---

[2] **Section 52-595 states:** "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence."

concealment of the facts for the purpose of obtaining delay on the plaintiffs' part in filing a complaint on their cause of action." Bartone v. Robert L. Day Co., Inc., 232 Conn. 527, 533 (1995).

The Court notes that the Connecticut Superior Court will first need to determine whether Conn. Gen. Stat. § 52-595 applies in this case. In Fichera, the Connecticut Supreme Court held that, on the facts presented, application of § 52-595 would "defeat the legislative intent expressed in [the CUTPA statute of limitations] to bar actions for CUTPA violations after the lapse of more than three years from their occurrence." Fichera, 541 A.2d 472 at 477. However, the Fichera Court left open the possibility that the fraudulent concealment requirements of § 52-595 could be satisfied in different factual settings. Id. Furthermore, the holding in Fichera that fraudulent concealment does not toll the CUTPA statute of limitations has since been called into doubt. See Assurance Co. of Am., 911 A.2d 777, 784-85 (Conn. Super. Ct. 2005) (citing Witt v. St. Vincent's Med. Center, 746 A.2d 753 (Conn. 2000)).

Assuming that the Connecticut Superior Court decides that § 52-595 can apply on the facts of this case, the Superior Court will then need to determine whether the Plaintiffs have sufficiently pleaded fraudulent concealment under the Bartone standard. In making this determination, the Superior Court will have to consider whether the Plaintiffs' allegations that Defendants Clarke or Wessel revealed information to the remaining Defendants when the bidding process was supposed to be closed is sufficient to demonstrate that they intentionally

concealed the facts underlying the Plaintiffs' causes of action.  Further, if the Superior Court does determine that the Defendants intentionally concealed the facts underlying the Plaintiffs' causes of action by virtue of their violation of the closed bidding procedures, the Superior Court will also have to determine whether the allegations suffice to establish that the concealment was for the purpose of delaying the Plaintiffs from filing suit.  In this regard, the Superior Court will have to address whether, on the facts of this case, where the bidding process was supposed to be closed and therefore it does not appear that the Plaintiffs had any readily accessible means of discovering the Defendants' violation of the closed-bidding procedures, intentional concealment of the facts underlying the Plaintiffs' causes of action is tantamount to intentional concealment for the purpose of delaying the Plaintiffs from filing suit.  Finally, the Superior Court will need to address whether the availability of § 52-595 is suitable for determination on a motion to dismiss or whether it should instead be deferred until after discovery has been conducted on motions for summary judgment, following a request to admit, or at trial.  See J.F.C. Endeavors, Inc. v. Pioneer Steel Ball Co., Inc., No. 587083, 1999 WL 1314937, at *7 (Conn. Super. Ct. Dec. 14, 1999) ("Whether General Statutes Sec. 52-595 is available to the plaintiff, in tolling the statute of limitations, is a question of fact that should be determined at trial by the trier of fact.").

The Court further notes that, had it decided to exercise supplemental jurisdiction over the Plaintiffs' state law claims, the Second Cause of Action would likely have been dismissed.  Conn. Gen. Stat. § 53a-161a, which is the basis for the

Plaintiffs' Second Cause of Action, is a penal statute that does not provide for a private cause of action.[3] The Connecticut Supreme Court has held that "there exists a strong presumption that private enforcement does not exist unless expressly provided for in a statute. In order to overcome that presumption, the plaintiff bears the burden of demonstrating that such an action is created implicitly in the statute." Provencher v. Town of Enfield, 284 Conn. 772, 777-78 (2007); see also Cort v. Ash, 422 U.S. 66, 80 (1975) (finding that no private cause of action existed under "a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone"); Burke v. APT Foundation, 509 F. Supp. 2d 169, 173 (D. Conn. 2007) (holding that criminal statutes do not private a private right of action against civil litigants). The Plaintiffs make no effort to demonstrate that § 53a-161a implicitly creates a private right of action, but instead note that bid-rigging can form the basis for a private right of action under CUTPA. However, the Plaintiffs included in their Amended Complaint a separate claim for violation of CUTPA. Therefore, it appears that they have asserted no basis which would permit their Second Cause of Action to survive a motion to dismiss.

### III. Conclusion

Based upon the foregoing reasoning, the Defendants' motions to dismiss

---

[3] **Section 53a-161a states:  "No person, firm, corporation, association or partnership who bids, or intends to bid, for any contract to be awarded by any commission, agency or department of the state or any political subdivision of the state shall induce or attempt to induce any other person, firm, corporation, association or partnership to submit or not to submit a bid or proposal for the purpose of restricting competition.  Any person who violates the provisions of this section shall be guilty of a class D felony."**

[Doc. ##31, 35, 36] are GRANTED in part.  The Plaintiffs' First Cause of Action is dismissed.  The Clerk is directed to remand this case to the Connecticut Superior Court for further proceedings with respect to the Plaintiffs' Second, Third and Fourth Causes of Action, where the issues raised regarding Plaintiffs' state law claims are best resolved.  The Clerk is further ordered to close this file.

                                            IT IS SO ORDERED.

                                            _____/s/_____
                                            **Vanessa L. Bryant**
                                            **United States District Judge**

Dated at Hartford, Connecticut:  November 30, 2009.